United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EHAB ALLABABIDI,
Plaintiff,

v.

MICROSOFT CORPORATION, et al.,
Defendants.

Case No. 26-cv-10487-PCP

**ORDER SCREENING COMPLAINT**

Re: Dkt. Nos. 2, 3, 4

Pro se plaintiff Ehab Allababidi filed an application to proceed *in forma pauperis*—*i.e.*, without paying the otherwise mandatory filing fee. For the reasons below, the Court grants Mr. Allababidi's application. As required by 28 U.S.C § 1915(e)(2), the Court also screens Mr. Allababidi's complaint. Because the complaint does not state a claim for relief over which the Court has jurisdiction, the Court dismisses the case with leave to amend. Should Mr. Allababidi fail to file an amended complaint by November 18, 2026, the complaint shall be dismissed without further leave to amend.

**BACKGROUND**

Mr. Allababidi brings this action alleging several causes of action against Microsoft and other technology companies, contending that Microsoft locked him out of his encrypted hard drive when it pushed out an update in April 2026. Mr. Allababidi explains that he was operating as a federal contractor before he was locked out of his computer. Complaint, Dkt. No. 1, at 14. Because he can no longer access his computer, he has lost his only work station, software that he wrote, legal work product from his pro se litigation "in more than one federal action," and his proprietary methodology, which "he maintains as trade secrets." Complaint, Dkt. No. 1, at 86-87.

Mr. Allababidi brings the following claims against Microsoft: (1) violations of California's Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code §§ 502(c)(4), (c)(5),

(c)(7), (c)(8); (2) violations of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030(a)(5)(A)-(C), (g); (3) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (4) trespass to chattels; (5) negligent failure to warn; (6) fraudulent concealment and intentional misrepresentation; (7) strict products liability, design defect, and failure to warn; and (8) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. He also brings a Racketeer Influenced and Corrupt Organizations Act (RICO) claim under 18 U.S.C. §§ 1962(c), (d) and 28 U.S.C. § 1964(c) against Microsoft, Tencent Cloud LLC, Tencent Holdings Limited, and Aceville Pte. Ltd.

## LEGAL STANDARD

28 U.S.C. § 1915 permits a court to authorize a plaintiff to proceed *in forma pauperis* if the plaintiff shows that they cannot afford the fees necessary to pursue an action. *See* 28 U.S.C. § 1915(a)(1). The Court, however, must screen every civil action brought in forma pauperis under § 1915 and must dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The Court must also dismiss any claim over which the Court lacks subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).

## ANALYSIS

### I. Mr. Allababidi's application to proceed *in forma pauperis* is granted.

Mr. Allababidi's application to proceed *in forma pauperis* establishes that he is unable to pay the Court's filing fee due to a lack of employment, savings, or other financial resources. *See* Dkt. No. 2. Pursuant to 28 U.S.C. § 1915(a)(1), the Court therefore grants his application to proceed *in forma pauperis*.

### II. Mr. Allababidi's motion requesting access to CM/ECF is granted.

Mr. Allababidi requests access to CM/ECF so that he can receive electronic case notifications. *See* Dkt. No. 3. The Court grants his motion. To access electronic notifications, Mr. Allababidi will need to create a CM/ECF account and sign up for notifications accordingly.

### III. Mr. Allababidi's motion to file a paper copy of the case-opening papers is granted.

Mr. Allababidi requests that the Court allow him to file one paper copy of the case-opening papers. *See* Dkt. No. 4. The Court grants that motion. Mr. Allababidi does not need to provide chambers copies of the filings he has already submitted, and, for any future filings, he may file the electronic version only once he creates a CM/ECF account. If Mr. Allababidi does not create a CM/ECF account, he will need to continue mailing his filings.

### IV. Mr. Allababidi's complaint is dismissed with leave to amend.

Because Mr. Allababidi is proceeding *in forma pauperis*, the Court must screen his complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint if it fails to state a viable claim for relief, *id.* § 1915(e)(2)(B), or fails to demonstrate a basis for the Court to exercise subject-matter jurisdiction, *Pratt*, 807 F.2d at 819.[1] Here, Mr. Allababidi's complaint does not state a viable federal claim, and the Court will not exercise supplemental jurisdiction over his state law claims in the absence of such a claim.

#### A. Mr. Allababidi fails to state a claim under the CFAA.

"The CFAA prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009). As relevant here, the act specifies criminal punishments for anyone who "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer," 18 U.S.C. § 1030(a)(5)(A), "intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage," 18 U.S.C. § 1030(a)(5)(B), or "intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss," 18 U.S.C. § 1030(a)(5)(C). 18 U.S.C. § 1030(g) creates a civil action that can be brought for certain violations of the CFAA.

Mr. Allababidi's complaint fails to state a CFAA claim because he does not plead that Microsoft sent the update to his computer "without authorization." The Ninth Circuit has held that,

United States District Court
Northern District of California

in the context of the CFAA, "a person uses a computer 'without authorization'" if "the person has not received permission to use the computer for any purpose (such as when a hacker accesses someone's computer without any permission), or when the employer has rescinded permission to access the computer and the defendant uses the computer anyway." *LVRC Holdings LLC*, 581 F.3d at 1135; *Vaquero Energy, Inc. v. Herda*, No. 1:15-CV-0967-JLT, 2015 WL 5173535, at *5-6 (E.D. Cal. Sept. 3, 2015). Even assuming that Microsoft knowingly sent an update to Mr. Allababidi's computer that resulted in him being locked out of it, he does not allege that the update was sent to his computer "without authorization." To the contrary, he alleges the opposite, stating in his complaint that he had "Windows Update" turned on. Complaint, Dkt. No. 1, at 71-73. Because "Windows Update" was turned on, Mr. Allababidi consented to the update being sent to his computer. As a result, he has failed to allege that Microsoft sent the update to his computer "without authorization."

**B. Mr. Allababidi fails to state a RICO claim.**

18 U.S.C. § 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt," and 18 U.S.C. § 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

Mr. Allababidi contends that Microsoft, Tencent Cloud LLC, Tencent Holdings Limited, and Aceville Pte. Ltd. committed RICO violations as part of the "Microsoft-Tencent Service and Targeting Enterprise." Complaint, Dkt. No. 1, at 102-05. To plead facts supporting his RICO claims, Mr. Allababidi attempts to incorporate pleadings from a separate action he filed in the Northern District of Illinois against some of the same defendants in this case (Tencent Cloud LLC, Tencent Holdings Limited, and Aceville Pte. Ltd.) alleging that they carried out a cyberattack on his computer systems that damaged his computers and obtained proprietary code that is subject to trade secret protection. *See* Complaint, Dkt. No. 1, at 103-04 (referencing "Doc. 8," in his Illinois federal district court pleadings); Complaint, *Allababidi v. Tencent Cloud LLC, et al.*, 26-cv-03204

(N.D. Ill. April 22, 2026), Dkt. No. 1. "While Rule 10(c) allows for a statement in another pleading to be adopted by reference, a plaintiff may not 'adopt pleadings from a wholly separate action,' even when that separate action involves the same parties." *Students Against Racial Discrimination v. Regents of Univ. of California*, 812 F. Supp. 3d 1046, 1057 (C.D. Cal. 2025) (citation omitted); *see also Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 492 (C.D. Cal. 2014) (collecting cases). Accordingly, Mr. Allababidi's complaint includes no allegations supporting his RICO claim, and thus fails to state a claim under 18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d), or 28 U.S.C. § 1964(c).

**C. The Court declines to exercise jurisdiction over the state law claims.**

Mr. Allababidi's complaint asserts that this Court has federal question jurisdiction over his CFAA claims under 28 U.S.C. § 1331 and supplemental jurisdiction over his remaining claims under 28 U.S.C. § 1367(a). He does not assert a basis for the Court's jurisdiction over his RICO claims, but construing the complaint liberally in light of Mr. Allababidi's pro se status, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court presumes he meant to assert federal question jurisdiction. Mr. Allababidi does not plead the parties' citizenship or assert that this Court has jurisdiction under 28 U.S.C. § 1332.

Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." *See also Almgren v. Shultz*, No. C 16-2611 CW, 2016 WL 5815889, at *2 (N.D. Cal. Oct. 5, 2016) (noting that "the Ninth Circuit has repeatedly upheld district courts' exercise of discretion to decline supplemental jurisdiction over remaining state claims after federal claims had been dismissed" and collecting cases). Typically, where all of the "federal-law claims are eliminated," "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L.Ed.2d 720 (1988), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000)). Because Mr. Allababidi's complaint

fails to state a federal CFAA or RICO claim, no federal claims remain before the Court. The Court therefore declines to exercise supplemental jurisdiction over the remaining state law claims.

## FEDERAL PRO SE PROGRAM

The San José Courthouse's Federal Pro Se Program provides information and limited scope legal advice to civil litigants proceeding *in forma pauperis*. This service is free. The Federal Pro Se Program is available by phone appointment at (408) 297-1480, and the Court's webpage includes additional online resources: http://www.cand.uscourts.gov/pro-se-litigants/.

## CONCLUSION

For the foregoing reasons, the Court grants Mr. Allababidi's application for leave to proceed *in forma pauperis*. *See* Dkt. No. 2. The Court also screens and dismisses Mr. Allababidi's complaint with leave to amend. Any amended complaint must be filed by no later than December 18, 2026. Failure to file an amended complaint by that date shall result in the dismissal of this case without further leave to amend.

**IT IS SO ORDERED.**

Dated: October 30, 2026



P. Casey Pitts
United States District Judge